# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY Z. JENKINS, | CASE NO. 1:10-cv-00122-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | (Doc. 1) |
| JAMES TILTON, et al., | |
| Defendants. | |

Plaintiff Harvey Z. Jenkins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is incarcerated at the California State Prison in Corcoran, California ("CSP-Corcoran"). Plaintiff names James Tilton (director of corrections), Derall G. Adams (warden, CSP-Corcoran), M. Smith (lieutenant), and C. Cuevas (sergeant) as defendants. Plaintiff has consented to jurisdiction by a U.S. Magistrate Judge. (Doc. #5.) For the reasons set forth below, Plaintiff's claims will be dismissed, without leave to amend, for failure to state a claim.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

Plaintiff complains that prison officials erroneously canceled Plaintiff's family visit at CSP-Corcoran. On February 27, 2009, prison officials informed Plaintiff that he had a visit. A few minutes later, Plaintiff was told that the visit was terminated. The "Visitning[sic] Staff" told Plaintiff that inmates on "modified program" were not entitled to visits on Fridays. (Compl. 3, ECF No. 1.) Plaintiff does not identify which specific prison official told Plaintiff that his visit was canceled. Plaintiff contends that the official erred because inmates on "modified program" are allowed visits on Fridays.

Plaintiff filed an inmate appeal regarding the denied visit. At each level, Plaintiff's appeal was denied, but the appeals reviewers acknowledged that Plaintiff's visit should not have been canceled. On June 11, 2009, Defendant C. Cuevas acknowledged that the official erred by canceling

1  Plaintiff's visit.  On July 13, 2009, Defendant R. Davis also acknowledged that the official erred.
2  On October 6, 2009, Defendant R. Phillips acknowledged that the official erred.  Although the
3  appeals reviewers acknowledged that prison officials erred in cancelling Plaintiff's visit, Plaintiff's
4  inmate appeal was denied because the appeal requested that Plaintiff's family be reimbursed for the
5  expenses incurred for traveling to CSP-Corcoran for the visit.

6  **III.    Discussion**

7        Plaintiff is suing Defendants Tilton, Adams, Smith, and Cuevas under Section 1983 for the
8  denial of his family visit on February 27, 2009.  However, Plaintiff does not explicitly set forth his
9  grounds for relief.  Plaintiff's complaint only consists of a recitation of the facts describing how he
10 was denied the visit and how his inmate appeals were denied.  Plaintiff does not identify what rights
11 were denied or the nature of his causes of actions.

12       Plaintiff's causes of actions are unclear because it is not apparent how any of the named
13 defendants violated any of Plaintiff's rights.  Plaintiff has not alleged that Tilton, Adams, Smith, or
14 Cuevas were among the "Visitning[sic] Staff" who canceled Plaintiff's visit under the erroneous
15 belief that inmates on "modified program" were not allowed to have visits on Fridays.

16       Plaintiff alleges that Cuevas was an appeals reviewer who denied Plaintiff's inmate appeal.
17 However, Cuevas is not liable simply for denying an inmate appeal filed by Plaintiff following the
18 incident.  Inmates have no liberty interest in the processing of an inmate appeal because inmates lack
19 a separate constitutional entitlement to a specific prison grievance procedure.  Ramirez v. Galaza,
20 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Thus,
21 the denial of an inmate appeal by itself is not a violation of Plaintiff's constitutional rights.  Further,
22 Cuevas did not cause the denial of Plaintiff's visit because by the time Cuevas reviewed Plaintiff's
23 appeal, the visit had already been canceled.  Plaintiff cannot hold Cuevas liable for the canceled visit
24 if Cuevas did not cancel the visit and there was nothing Cuevas could have reasonably been expected
25 to do to prevent the visit from being canceled.

26       Plaintiff identifies Defendant Tilton as the "Director of Corrections" for CDCR, but fails to
27 identify anything Tilton did or failed to do that violated Plaintiff's rights.  Similarly, Plaintiff
28 identifies Defendant Adams as the warden of CSP-Corcoran, but fails to identify anything Adams

did or failed to do that violated Plaintiff's rights.  Plaintiff cannot hold Tilton or Adams liable under Section 1983 simply because they are supervisory officials.  Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, the Court notes that Plaintiff has identified Smith and Cuevas as the "Visiting Lt." and "Visiting Sgt." at CSP-Corcoran.  Even if the Court were to assume that Smith and Cuevas were the prison officials who canceled Plaintiff's family visit, Plaintiff fails to state a claim under Section 1983 against either defendant.  Plaintiff does not have a cause of action under Section 1983 simply because a prison official negligently canceled a single family visit under the erroneous belief that Plaintiff was not eligible to receive a visit that day.  Plaintiff fails to identify what right, if any, was violated by the alleged negligent cancellation of a single family visit and the Court is unaware of any cause of action under Section 1983 that fits within the facts alleged in Plaintiff's complaint.

"[P]risoners do not enjoy an absolute right to receive visits while incarcerated, even from family members."  Dunn v. Castro, No. 08-15957, 2010 WL 3547637, at *4 (9th Cir. September 14, 2010).  A single, isolated incident where a prisoner's family visit is canceled by misinformed prison officials does not rise to the level of an "atypical and significant hardship" within the meaning of the Fourteenth Amendment.  Sandin v. Conner, 515 U.S. 472, 484 (1995) (stating that due process liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

Moreover, the denial of a single family visit cannot be considered the denial of "the minimal civilized measure of life's necessities" within the meaning of the Eighth Amendment. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Finally, given the recognition that the "freedom of association is among the rights least compatible with incarceration" and that "[s]ome curtailment of that freedom must be expected in the prison context," <u>Overton v. Bazzetta</u>, 539 U.S. 126, 131 (2003), the Court finds that the negligent cancellation of a single family visit does not constitute an actionable violation of Plaintiff's First Amendment rights.

The Court finds that the facts alleged in Plaintiff's complaint fail to state any claims upon which relief can be granted under Section 1983. Further, the Court finds that the deficiencies in Plaintiff's complaint cannot be cured by further amendment. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). The single, isolated cancellation of Plaintiff's family visit by prison officials who erroneously believed that Plaintiff was not eligible for a visit on that day does not amount to a violation of Plaintiff's civil rights. The Court will dismiss Plaintiff's complaint without leave to amend.

**IV.   Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief can be granted under Section 1983. Further, the deficiencies in Plaintiff's complaint cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims are DISMISSED, without leave to amend, for failure to state a claim; and

///

///

///

2. The Clerk is directed to close this action.

IT IS SO ORDERED.

**Dated:    October 12, 2010**                             /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE